849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary M. CAMP (87-3275/3279), Plaintiff-Appellee,
Alfred E. Combs, (87-3275/3279), Plaintiff-Appellee,
Joseph Benton, (87-4015), Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 Nos. 87-3275, 87-3279 and 87-4015.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 BEFORE BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 These cases have been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the records, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 These cases are appeals by the Secretary from three separate decisions of the district court finding the individual plaintiffs to be disabled within the meaning of the Social Security Act. The sole issue on appeal is whether or not the district court employed a correct analysis in rejecting the Secretary's contention that the plaintiffs were not disabled because substantial gainful work existed in significant numbers which they could perform. 42 U.S.C. Sec. 423(d)(2)(A). The Secretary, citing the intervening decision in Hall v. Bowen, 837 F.2d 272 (6th Cir.1988), contends the district court's analysis was clearly incorrect and moves for summary reversal of all three decisions.
 
 
 3
 In Hall this court disapproved of a "significant numbers" analysis similar to the ones employed in the instant cases. We noted that "when there is testimony that a significant number of jobs exists for which a claimant is qualified, it is immaterial that this number is a small percentage of the total number of jobs in a given area." 837 F.2d at 275. Our review of these cases, however, does not end with this holding. The Hall court further enumerated several factors which trial courts should consider in deciding a "significant numbers" question. As the instant cases were decided prior to our decision in Hall, we must vacate and remand for the trial court's application of the analysis detailed there. Id.
 
 
 4
 Accordingly, the motions for summary reversal are denied as not being authorized under the rules of the court. However, the judgments of the district court are vacated and the cases remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.